COPE, Judge.
Janice Reta Featherstone appeals an order dismissing her petition for indirect criminal contempt. The question before us is whether the Double Jeopardy Clause prohibits a proceeding for indirect criminal contempt in a matrimonial action where the appellee husband, Peter Montana, had previously been incarcerated for civil contempt for the same conduct. We conclude that the Double Jeopardy Clause does not bar the indirect criminal contempt action and reverse the dismissal order.
The husband, Peter Montana, petitioned for dissolution of marriage in 1993, and the wife, Janice Reta Featherstone, filed a coun-terpetition. The trial court ordered the husband to pay temporary support and temporary attorney’s fees. After initial civil contempt proceedings, the husband brought almost all of his obligations current in December of 1993.
Thereafter there were further contempt proceedings where the husband was found to have failed to comply with temporary support obligations. In January 1995, the husband filed for bankruptcy.
In June 1995, the circuit court found the husband to be in civil contempt for failure to pay temporary support and attorney’s fees. The court ruled that the order for temporary attorney’s fees and costs was in the nature of support. The court imposed a term of incarceration of sixty days, which could be purged by paying the sum of $38,670. In July 1995, the United States Bankruptcy Court granted the wife relief from the bankruptcy stay, and declined to interfere with the civil contempt order. On July 31, 1995, the husband surrendered for incarceration, as he had not paid the purge amount.
The husband filed a petition for writ of habeas corpus, arguing that there was no evidentiary support for the trial court’s finding that the husband had the present ability to pay the purge amount of $38,670. The husband asserted that the record made before the General Master only revealed that the husband had the ability to earn income, but that there was no evidence that the husband had a source from which the $38,670 amount could be obtained in order to satisfy the purge condition.
The state filed a response which conceded “that the record does not support the conclusion that the Petitioner [husband] presently possesses the $38,670.00 required 4o purge the contempt.” The state acknowledged that the husband was entitled to habeas corpus relief, but that such relief should be without prejudice to the wife to develop a proper evidentiary record in the trial court showing present ability to pay the purge amount, or alternatively, for the trial court to impose non-incarceration alternatives on- the husband. See Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985).
The staté also pointed out that if the husband was concealing assets or remaining voluntarily unemployed in order to frustrate the trial court’s previous orders, then criminal contempt proceedings may be appropriate. See id. at 1279. This court granted the petition for habeas corpus and discharged the husband from custody.
Thereafter the wife filed a verified motion for indirect criminal contempt pursuant to Florida Rule of Criminal Procedure 3.840(a). The verified motion requested that the husband be held in indirect criminal contempt for violating the same court orders that were *235 the subject of the previous civil contempt proceeding.
The husband moved to dismiss, arguing that the indirect criminal contempt proceeding violated the Double Jeopardy Clause of the United States Constitution.[1] The trial court dismissed the indirect criminal contempt proceeding, and the wife has appealed.[2]
We conclude that the Double Jeopardy Clause does not operate as a bar to an indirect criminal contempt proceeding, even though there has previously been a civil contempt adjudication based on the same noncompliance with court orders.
“It is axiomatic that double jeopardy attaches only to criminal offenses.” In re Tierney, 328 So.2d 40, 45 (Fla. 4th DCA 1976) (citation omitted). A civil contempt adjudication is, as the name states, a civil adjudication, not a criminal conviction. Thus the Double Jeopardy Clause does not apply.
The Florida Supreme Court has explained that “the purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court.” Bowen v. Bowen, 471 So.2d at 1277 (emphasis in original). In order to impose incarceration in a civil contempt proceeding, the trial court must find that the contemnor has the present ability to pay the purge amount. Id.; Hicks v. Feiock, 485 U.S. 624, 638 n. 9,108 S.Ct. 1423,1433 n. 9, 99 L.Ed.2d 721, 735 n. 9 (1988). “[Ijnearceration is utilized solely to obtain compliance.... This ability to comply is the contemnor’s ‘key to his cell.’ ” Bowen v. Bowen, 471 So.2d at 1277 (citation omitted). A civil contempt adjudication is “intended to operate in a prospective manner — to coerce, rather than to punish.” Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531,1535,16 L.Ed.2d 622, 627 (1966). The proceeding is therefore considered civil and remedial. See id.; Hicks v. Feiock, 485 U.S. at 631-35,108 S.Ct. at 1429-31.
By contrast, an indirect criminal contempt proceeding is, as the name states, a criminal matter with the object of punishment.
The purpose of criminal contempt ... is to punish. Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court. Because this type of proceeding is punitive in nature, potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings.
Bowen v. Bowen, 471 So.2d at 1277 (emphasis in original; citations omitted); see also Hicks v. Feiock, 485 U.S. at 631-35,108 S.Ct. at 1429-31.
Writing in a case in which a criminal contempt adjudication had been imposed after a previous civil contempt citation, the United States Supreme Court said, “The civil and criminal sentences served distinct purposes, the one coercive, the other punitive and deterrent; that the same act may give rise to these distinct sanctions presents no double jeopardy problem.” Yates v. United States, 355 U.S. 66, 74, 78 S.Ct. 128, 133, 2 L.Ed.2d 95,102 (1957) (citations omitted). The Court went on to say, “a court should first apply [civil contempt] coercive remedies in an effort to persuade a party to obey its orders, and only make use of the more drastic criminal sanctions when the disobedience continues.” 355 U.S. at 75, 78 S.Ct. at 134.
As the Double Jeopardy Clause did not bar the indirect criminal contempt proceeding in this ease, the order under review is reversed and the cause remanded with directions to reinstate the indirect criminal *236 contempt proceeding. We express no view on the merits thereof.
Reversed and remanded.

. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution has been made applicable to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707, 711 (1969).

. On its own motion, this court added the state as an additional party appellant.