CASANUEVA, Judge.
Michael A. Reneman, who was found in arrears in his child support payments, appeals an order that (1) imposed a second purge amount after he had purged himself of a prior finding of indirect civil contempt and (2) ordered him to pay $3000 towards his former wife’s fees and costs. We affirm in part and reverse in part.
Mr. Reneman’s marriage to Mary Jarvis was dissolved in 1991. Primary residential custody of their minor son was granted to Ms. Jarvis and Mr. Reneman was ordered to pay child support. Over several months spanning late 2001 and early 2002, the trial judge conducted proceedings to resolve Mr. Reneman’s supplemental petition to modify child custody and Ms. Jarvis’s motion for contempt for failure to pay child support. The judge found that Mr. Rene-man was in indirect civil contempt by reason of his willful failure to pay in excess of *714 $50,000 in past due child support, that he had the ability to purge the contempt by paying an amount equivalent to the child support due for a specified period of time, and that he could purge himself of the contempt by paying the specified amount to the court depository no later than April 30, 2002. The order also stated that the judge believed Mr. Reneman and his current wife were deliberately structuring their financial situation with the intention of concealing available assets, in an apparent attempt to make Mr. Reneman judgment-proof. The judge reserved jurisdiction to determine the manner in which the balance of the arrearage was to be paid as well as Ms. Jarvis’s request for fees and costs. Mr. Reneman paid the required purge amount by the date the court set.
A successor judge later commenced a second hearing on the two reserved issues. Following this second evidentiary hearing, an order was entered that required Mr. Reneman to purge his indirect civil contempt by paying $10,000 toward the child support arrearage within sixty days and to pay $3000 of Ms. Jarvis’s fees and costs. No new act of contempt was litigated in the second proceeding. The judge found that Mr. Reneman had an ability to pay this $13,000 total based on his share of the appreciated value of his present wife’s home. The current Mrs. Reneman had acquired the down payment for the home during her marriage to Mr. Reneman, but that down payment came from separate funds she alone had received as a gift from her father, and the home had appreciated in value during their marriage. Because of Mr. Reneman’s past history and the fact that Mrs. Reneman had children from a prior marriage, his present wife claimed that she acceded to her father’s wishes that the home be titled in her name alone. The judge concluded that the appreciation of value of the home, about $40,000, was a marital asset.[1]
Mr. Reneman contends in this appeal that the reservation of jurisdiction from the first hearing did not permit the successor judge to order a second purge amount for the same act of contempt and, alternatively, that the evidence failed to establish that he had the present ability to pay the purge amount. He claims that the only evidence of his ability to pay was based on the marital appreciation of value in Mrs. Reneman’s solely owned home and the fact that his net income was about $240 a week.
In support of his first contention, Mr. Reneman initially asserts that the Double Jeopardy Clause of the federal and state constitutions prohibits the imposition of a second purge amount. We disagree. “It is axiomatic that double jeopardy attaches only to criminal offenses.” In re Tierney, 328 So.2d 40, 45 (Fla. 4th DCA 1976). Therefore, the constitutional protection afforded by the Double Jeopardy Clause does not bar multiple punishment for a civil contempt. Id. at 46; see also Featherstone v. Montana, 684 So.2d 233, 235 (Fla. 3d DCA 1996) (holding that the Double Jeopardy Clause does not bar an indirect criminal contempt proceeding, even though there had previously been a civil contempt adjudication based on the same noncompliance with the order of the court).
We do agree, however, with Mr. Reneman’s contention that the successor judge exceeded the limited jurisdiction reserved to him when he ordered a second purge amount. The initial order reserved *715 jurisdiction, in part, to “determine how the Former Husband’s child support arrearage shall be paid.” The order on appeal resulting from that reserved jurisdiction did not, for example, establish a repayment schedule by increasing the weekly child support payment or require Mr. Reneman to liquidate any assets to pay a part of that arrearage. Instead, it set a second purge amount for previously purged contumacious conduct. The first judge did not retain jurisdiction to force compliance on an already compliant party, yet the successor judge’s order effectively found Mr. Reneman again in contempt for that same conduct of being in arrears. Cf. Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957) (“[T]he prosecution cannot multiply contempts by repeated questioning on the same subject of inquiry within which a recalcitrant witness already has refused answers.”).
Based on the fact that Mr. Reneman had previously been found in contempt by the first judge, it is possible that the successor judge meant to indicate that the $10,000 “purge amount” was to be merely the first payment in satisfaction of the outstanding arrearage. After all, Mr. Reneman did find the means to pay a sizeable and proper purge amount soon after the conclusion of the first hearing despite his ostensibly limited assets, giving credence to the first judge’s statement that the Renemans were being less than forthcoming about their financial wherewithal. Therefore, upon the filing of a new motion pursuant to Florida Family Law Rule of Procedure 12.615 (Civil Contempt in Support Matters) and sufficient proof of ability to pay, Mr. Reneman could again be adjudged in contempt.
Having determined that it was procedurally inappropriate to impose a second purge amount, we find Mr. Reneman’s alternative contention that the evidence did not establish his present ability to pay now moot. However, the finding that Mr. Reneman has the present ability to pay a purge amount based on his share of the appreciation of value in a home not titled in his name raises serious issues should this matter be litigated again. Among the possible issues requiring judicial determination would be whether the definition of a marital asset as set forth in chapter 61 of the Florida Statutes is applicable in a non-dissolution proceeding involving a purge amount for contempt and whether such an order is consistent with homestead property protection established by the Florida Constitution.
We reverse that part of the final judgment that ordered Mr. Reneman to' pay a second purge amount from his share of the marital appreciation in his current wife’s home and remand for further proceedings to carry out the reservation of jurisdiction as stated in the prior order. In all other respects, we affirm.
SALCINES and SILBERMAN, JJ„ Concur.

. We note, however, that there is no indication how Mr. Reneman could access this marital asset as there is no pending action for dissolution of marriage so that this asset could be equitably distributed. We further note that an action for partition is also likely to be unavailable because Mr. Reneman's name is not on the title.